No. 11,386.

Heishman, et al. *v.* Hope.

Decided December 7, 1925. Rehearing denied February 15, 1926.

Action in replevin. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. Sales—*Bona Fide Purchaser—Title.* A bona fide purchaser is not protected as against the claim of the true owner of personalty, where the seller obtained possession thereof by the wrongful acts of others, and had no title in the property himself.

2. New Trial—*Newly Discovered Evidence.* A motion for a new trial on the ground of newly discovered evidence is properly overruled, where the evidence, as disclosed by the affidavit in support of the motion, if presented, would not change the result of the trial.

*Error to the District Court of the City and County of Denver, Hon. Henley A. Calvert, Judge.*

(1)

Mr. THOMAS WARD, JR., for plaintiffs in error.

Mr. CARL CLINE, Mr. BRYAN WHITEHEAD, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action in replevin, brought by Dell Hope, to recover the possession of an automobile from B. B. Cooper, defendant. Under the pleadings, and upon the trial, plaintiff Hope and defendant Cooper each claimed to be the present owner of the property and entitled to the possession thereof as such owner, respectively. Judgment for plaintiff, and defendant brings the case here. The cause is now before us on the application of plaintiff in error, defendant below, for a supersedeas.

In March, 1925, Hope being then the owner of an equity in the furniture of a rooming house, traded such property for the automobile in question with one Heishman, then the owner of the car. Heishman delivered to Hope's agent a bill of sale for the automobile, and received back a bill of sale for the furniture. He parted with the possession of the automobile. The insurance policy on the car was transferred to Hope, and he also received the key to the car. The evidence shows that Hope took and retained possession of the automobile until it was seized, without his knowledge or consent, in an attachment suit between one Messelson and Heishman, being attached as the property of Heishman.

Some days thereafter defendant Cooper found Heishman in possession of the automobile and purchased the same from him. This fact gives rise to the controversy, and the plaintiff in error, defendant below, contends that the court erred in refusing to give certain requested

instructions, along the line of the following, which we quote from one of such requested instructions: "You are instructed that an innocent third party, who purchases an article of personal property, such as an automobile, without notice of any prior transfer, and the said property is then in the possession, either actually or constructively, of the seller thereof, the said article is then the property of the purchaser."

The requested instruction above quoted is too broad. It is true that Heishman, the former owner, was in possession at the time Cooper negotiated with him for the purchase of the machine, but how did he come to be in possession? The answer is that he made some settlement with Messelson, the plaintiff in the attachment action, and Messelson thereupon turned the automobile over to him. This does not put Heishman in the position of a former owner committing theft, but it does put Hope in the same position as if his property were taken away by a thief. Hope did not know of the attachment, could not have prevented it, and is in no way responsible for the fact that Heishman afterwards came into the possession of the automobile. Plaintiff in error offers no satisfactory explanation of why Heishman should be in possession of the car after he had traded it for the rooming house furniture and had given a bill of sale for it to Hope's agent.

In 35 Cyc. 361, it is said: "A bona fide purchaser is not protected as against the claim of the true owner where the seller has obtained possession of the property by wrongful acts, if without any delivery by or consent on the part of the owner,    *    *    *    ."

Upon principle a like rule should obtain where the seller obtains possession by the wrongful acts of others, and has no title in the property himself. Such was the position of Heishman, as seller to Cooper, in the instant case.

Under the circumstances above detailed, and for the reasons above indicated, there was no prejudicial error

in the trial court's refusing to give the instructions requested by defendant.

Error is assigned to the refusal of the court to grant a new trial upon the ground of newly discovered evidence, furnished by Heishman who could not be found prior to the trial. We have read the affidavit of Heishman attached to the motion for a new trial, and find that it could not have affected the result had he testified at the trial to such facts as he states in the affidavit. There is no showing of any right to his possession of the automobile after he sold it to plaintiff Hope. There was no error in overruling the motion for a new trial.

The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.